**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**ROBERT NARVAEZ**,

                Petitioner,

- v -                              Civ. No. 9:11-CV-192
                                            (LEK/RFT)

**RANDY JAMES**, *Superintendent, Livingston Correctional Facility,*

                Respondent.

**APPEARANCES:**                                  **OF COUNSEL:**

**ROBERT NARVAEZ**
Petitioner, *Pro Se*
07-B-3331
Clinton Correctional Facility
P.O. Box 2002
Danemora, NY 12929

**THE HON. ERIC T. SCHNEIDERMAN**        **LEILANI J. RODRIQUEZ, ESQ.**
Attorney For Respondent                          Assistant Attorney General
New York State Attorney General – Poughkeepsie Office
One Civic Center Plaza
Poughkeepsie, NY 12601

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Petitioner Robert Narvaez brings this Petition for a *Writ of Habeas Corpus*, pursuant to U.S.C. § 2254. Dkt. No. 1, Pet. However, because the Petition was not filed within the period statutorily prescribed under 28 U.S.C. § 2244(d)(1)(A), we recommend that the Petition be **DENIED**.

## I. BACKGROUND

On March 27, 2007, Petitioner pled guilty to criminal possession of a controlled substance

in the third-degree. *In lieu* of prison time, Petitioner was sentenced to five years of probation, contingent upon his successful completion of a drug rehabilitation program. *See generally* Dkt. No. 15-9, Sentencing Hr'g Tr., dated Mar. 27, 2007. Prior to completing drug rehabilitation Petitioner pled guilty to an unrelated crime, for which he was sentenced to six years in prison. As a result, Petitioner was unable to complete his drug rehabilitation program. Accordingly, on January 15, 2008, his conditional sentence was revoked and Petitioner was re-sentenced to nine years in prison for his March 27, 2007 conviction. *See generally id.*, Re-Sentencing Hr'g Tr., dated Jan. 15, 2008. Petitioner did not appeal from his re-sentencing.

On November 19, 2009, and December 9, 2010, Petitioner filed separate motions in state court pursuant to New York Criminal Procedure Law ("CPL") § 440. The instant Petition was filed on December 31, 2010. See Dkt. No. 15, St. Ct. Rs., Exs. A & C.

## II. DISCUSSION

In accordance with the provisions the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal *habeas* petitions challenging a state court judgment are subject to a one-year statute of limitations. Specifically, 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year limitations period "does not begin to run until both the conviction and sentence are final." *Velasquez v. Ercole,* 878 F. Supp. 2d 387, 396 (E.D.N.Y. 2012) (citing, *inter alia, Burton v. Stewart*, 549 U.S. 147, 156 (2007)). Pursuant to CPL § 460.15, "[a] party seeking to appeal . . . from a resentence, . . . must, within thirty days after imposition of the sentence . . . file with the clerk of the criminal court in which such sentence was imposed . . . a written notice of appeal." Accordingly, "when a defendant fails to appeal a decision of the New York Supreme Court, Appellate Division, the conviction becomes final thirty days after the service of Notice of Entry." *Velasquez v. Ercole*, 878 F. Supp. 2d at 396 (citation omitted). The one-year limitations period is tolled during the pendency of a properly filed application for post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2). The period may also be tolled where despite "pursuing his rights diligently," some "extraordinary circumstances" prevented a Petitioner from timely filing his petition. *See Dillon v. Conway*, 642 F.3d 358, 360 (2d Cir. 2011) (citing *Holland v. Florida,* ___ U.S. ___, 130 S.Ct. 2549, 2560–62 (2010)).

Here, Petitioner did not appeal his January 15, 2008 resentence. Thus, the operative date for purposes of calculating the accrual date of the AEDPA's one-year limitations period is February 14, 2008 – thirty-days after Petitioner's original sentence was amended. Therefore, absent equitable or automatic tolling, Petitioner had until February 14, 2009 to timely file for federal *habeas* review. *See Velasquez v. Ercole*, 878 F. Supp. 2d at 396; *see also McFadden v. Pataki*, 2011 WL 10500868, at \*14 (S.D.N.Y. Apr. 6, 2011); *Walker v. Perlman*, 556 F. Supp. 2d 259, 262–63 (S.D.N.Y. 2008). Yet, the Petition was not filed until December 31, 2010.

Moreover, although Petitioner filed two applications for collateral review pursuant to CPL § 440, neither motion triggered the automatic tolling provision of 28 U.S.C. § 2244(d)(2), because both motions were submitted well after the one-year limitation period had already expired. Likewise, Petitioner has not argued that "extraordinary circumstances" warrant equitable tolling under 28 U.S.C. § 2244(d)(2). *See Dillon v. Conway*, 642 F.3d. at 363. In fact, Petitioner neither acknowledged the lack of timeliness in his Petition nor filed a traverse contesting the merits of Respondent's arguments. *See generally* Pet.

Therefore, we recommend that the Petition be **DENIED** in its entirety.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** in its entirety; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  January 16, 2014
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge